In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Terry J. NESS, Attorney at Law:

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Terry J. NESS, Respondent.

Supreme Court

*No. 01–2007–D. Decided October 2, 2002.*

2002 WI 114

(Also reported in 651 N.W.2d 724.)

¶ 1. PER CURIAM.   We review the findings of fact, conclusions of law, and recommendation for discipline of the referee, Timothy L. Vocke,[1] pursuant to former SCR 21.09(5).[2] Attorney Terry J. Ness was found to have engaged in numerous violations of the Rules of Professional Conduct in the course of his practice of

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility (Board) to the Office of Lawyer Regulation, and the Supreme Court rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, all references will be to the Board and to the Supreme Court rules in effect prior to October 1, 2000.

[2] Former SCR 21.09(5) provided:

> (5) The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. *If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct* and appropriate action in cases of medical incapacity and may, on its own motion, within 30 days of the expiration of the time for appeal, order the parties to file briefs in the matter or extend the time in which it may order briefs. The supreme court's final disposition of disciplinary and medical incapacity proceedings shall be published in the official publications specified in SCR 80.01. (Emphasis added.)

law. The referee has recommended that Attorney Ness's license to practice law be suspended and that he pay the costs of these proceedings.

¶ 2.   We approve the findings, conclusions, and recommendations of the referee and determine that the seriousness of Attorney Ness's conduct warrants the imposition of these sanctions.

¶ 3.   Attorney Ness was admitted to the practice of law in Wisconsin in 1998. He also took, but did not pass, the Minnesota bar exam. At all times material to this matter Attorney Ness worked for a Minneapolis law firm, Halunen & Ness. He has no prior attorney disciplinary history.

¶ 4.   On July 27, 2001, the Board issued a complaint against Attorney Ness ordering him to answer within 20 days. He filed an answer, and subsequently entered into a stipulation with the Board, by which he admitted most of the factual allegations of the complaint, which consisted of six counts. However, he did not stipulate to whether those facts amounted to a violation of the supreme court rules. The referee conducted a disciplinary hearing on March 14, 2002, and subsequently issued his findings, conclusions, and recommendation for discipline on April 12, 2002.

¶ 5.   Count one, practicing law in a jurisdiction where doing so violated the regulation of the legal profession in that jurisdiction, in violation of SCR 20:5.5(a),[3] and counts two through four, knowingly making a false statement of fact or law to a tribunal, in

---

[3] SCR 20:5.5(a) provides: "Unauthorized practice of law. A lawyer shall not: (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction."

violation of SCR 20:3.3(a)(1),[4] arose out of Attorney Ness's appearances in a Minnesota state court and federal court. He represented to the federal court that he could appear pro hac vice because he was admitted in a Wisconsin federal court, which was not true. However, in reliance on his statement, the federal court admitted him. He told the Minnesota state court that he was admitted in that particular county on a pro hac vice basis and also implied to that court that his partner, who was admitted to practice in Minnesota, was involved in all aspects of the particular case, when neither was true. He also later indicated to the state court that he thought the federal pro hac vice admission, which he fraudulently obtained, would suffice for state court as well.

¶ 6.  The referee found that the supreme court rules were violated with respect to these four counts. He found that Attorney Ness had deceived both courts by portraying that he had been admitted in the Wisconsin federal court when that was not true, by claiming that he was admitted in the county on a pro hac vice basis when that was not true, and by claiming that his partner was actually involved in the state case when in fact it was entirely his own. The referee further indicated that Attorney Ness had attempted to deceive the state court by initially claiming that he was newly admitted and that was why his name did not appear on the state computer database, and then later fabricating the claim that he was admitted pro hac vice for purposes of that case.

---

[4] SCR 20:3.3(a)(1) provides: "Candor toward the tribunal. (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal."

¶ 7. Count five, failing to indicate jurisdictional limitations while not licensed to practice law in the jurisdiction in which the office is located, in violation of SCR 20:7.5(b),[5] arose because Attorney Ness did not adequately disclose to potential clients that he was not licensed in Minnesota. In addition, he claimed a Wisconsin office which was merely his father's home.

¶ 8. Counts six and seven, making a false or misleading communication about himself and his services, in violation of SCR 20:7.1(a),[6] involved the use of a letterhead that falsely stated Attorney Ness was admitted in federal courts and in Minnesota when that was not true. In addition, these counts involved Attor-

---

[5] SCR 20:7.5(b) provides: "(b) A law firm with offices in more than one jurisdiction may use the same name in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office is located."

[6] SCR 20:7.1(a) provides:

(a) A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(1) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;

(2) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;

(3) compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or

(4) contains any paid testimonial about, or paid endorsement of, the lawyer without identifying the fact that payment has been made or, if the testimonial or endorsement is not made by an actual client, without identifying that fact.

ney Ness's references to his firm as a "national law firm" concentrating on federal False Claims Acts cases, and implying that the firm had achieved significant settlements and verdicts in the successful prosecution of hundreds of such claims, when none of this was true.

¶ 9. With respect to these three counts, the referee found that Attorney Ness had repeatedly used letterheads, websites, fax transmission cover sheets, and similar communications suggesting that there were no jurisdictional limits to his practice and that he was admitted both in Minnesota and in federal courts. In addition, the referee found that Attorney Ness had repeatedly claimed he was an expert in False Claims Acts cases when that was not accurate; indeed, neither Attorney Ness nor his firm had ever litigated such a case.

¶ 10. We find that Attorney Ness violated the relevant supreme court rules with reference to the seven counts with which he was charged and thereby adopt the referee's findings and conclusions concerning these counts.

¶ 11. The Board asked for a nine-month suspension which would require Attorney Ness to apply for reinstatement and convince this court that he had learned something about the ethics and practice of law. He sought a suspension of less than six months so that he could automatically start his practice after the suspension. The referee concluded:

> Attorney Ness simply doesn't get it; he is basically dishonest. He doesn't see anything wrong with what he has done. He has done nothing to correct any of the misinformation that he has provided to either the Federal or State Courts in Minnesota. He has at-

tempted to deflect and mislead OLR during its investigation. He was less than honest in the disciplinary proceeding.

His approach throughout the course of the proceeding was to try to deny the obvious and concede a point only when it was impossible not to do so. This Referee and the Supreme Court has to decide whether Attorney Ness engaged in the activities that he did because he was incredibly incompetent or whether he did so because he was dishonest.

Based upon his appearance before me, I have concluded that the latter is true.

The referee recommended a nine-month suspension along with costs of $5952.40.

¶ 12.   We agree with the referee's comments and adopt the referee's recommendation for discipline which is appropriate for the professional misconduct demonstrated in this case. Attorney Ness's misconduct was both repeated and serious, warranting the substantial sanction involved here.

¶ 13.   Accordingly, it is appropriate that the license of Attorney Ness to practice law in this state be suspended for a period of nine months and that he pay the costs of this proceeding in the amount of $5952.40.

¶ 14.   IT IS ORDERED that the license of Attorney Terry J. Ness to practice law in Wisconsin be suspended for a period of nine months, effective November 6, 2002.

¶ 15.   IT IS FURTHER ORDERED that Attorney Terry J. Ness comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 16.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Terry J. Ness

shall pay $5952.40 to the Board, representing the costs of this proceeding. If these costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Terry J. Ness to practice law shall remain suspended indefinitely until further order of the court.